[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case is a tax appeal involving lot #1 Maple Tree Road in the Town of Oxford, owned by the plaintiff, Peter Clem. The plaintiff called two witnesses, Mr. Clem and his appraiser, Matthew A. Bryk. Mr. Bryk made his appraisal in 1992 and basically concluded that the property had no value to anyone other than adjoining owners, because the wetland and septic problems with the lot made any development of it prohibitive. He valued it at $5,000. Mr. Clem discussed his and his now deceased wife's efforts to market the property prior to 1990 and that, as of that date, the adjoining owners would offer nothing for the property.
At that point, the Town moved for Summary Judgment because the plaintiff offered no evidence of the property value as of 1990, the last decennial year for assessment in Oxford. At that point, the court heard arguments, although observing that the nomenclature of the defense motion seemed improper. The parties agreed that the CT Page 11134-R court would reserve judgment on that motion and hear the balance of the evidence.
The parties have now briefed that issue and the defendant has more properly entitled its motion a Motion for Nonsuit. The defendant's basic claim is that the plaintiff offered no evidence of the property's value as of October 1, 1990, the most recent 10 years' reevaluation of all property in Oxford. It cites as authority for that position the case of Uniroyal, Inc. v. Board ofTax Review, 182 Conn. 619 (1981). The plaintiff claims that reliance on that case is misplaced and the court agrees.
More importantly for the motion, the court concludes that there was some evidence as to the value of the property in 1990. The plaintiff's appraiser claimed that the property had no value to a developer or prospective purchaser because of the cost of development and overcoming septic and wetland problems. That problem obviously predated the date of his appraisal and the year 1990. The plaintiff's own testimony and his efforts before and after 1990 to market the property to purchasers and/or adjoining owners for next to nothing is sufficient evidence to overcome the defendant's motion which is denied.
The parties now have 30 days to file briefs on the merits of the appeal.
Gormley, J.